IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITLIN RUSSO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIOCESE OF GREENSBURG and, ) <br>   GREENSBURG CENTRAL CATHOLIC ) <br>   HIGH SCHOOL, ) <br>         Defendants. ) | Civil Action No. 09-1169 |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                                September 15, 2010

This is an action in civil rights. Plaintiff, Caitlin Russo, a former student at Greensburg Central Catholic High School, contends that the Diocese and GCCHS discriminated and retaliated against her on the basis of her gender in violation of Title IX and discriminated against her on the basis of her disability in violation of the Rehabilitation Act.

The court has ruled on this date that the Diocese and GCCHS received Federal Financial Assistance, making them amendable to suit under Title IX and the Rehabilitation Act, and vesting this court with subject matter jurisdiction over all of Russo's claims. We also lifted the stay that was entered on December 22, 2009, pending resolution of that legal issue. As such, defendants' motion to dismiss portions of the complaint [doc. no. 8], which was timely filed, but until today, had been stayed, is ripe for disposition.

I.  BACKGROUND

Readers are referred to the Memorandum addressing the Federal Financial Assistance issue, filed contemporaneously, for relevant background facts. We will not reproduce them here.

II.  LEGAL AUTHORITY

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting

Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

III. DISCUSSION

The Diocese and GCCHS argue that Russo's complaint should be dismissed for failure to state a claim upon which relief can be granted on various grounds. Some of these grounds are moot following this court's entry of judgement as a matter of law in Russo's favor on the Federal Financial Assistance issue. We address the remaining grounds below.

A.  GCCHS's Ability to be Sued

The Diocese and GCCHS move to dismiss GCCHS as a defendant, with prejudice, because GCCHS is "simply a school operated by the Diocese with no separate corporate existence" [doc. no. 10 at p. 7]. It does not appear that Russo opposes the dismissal of GCCHS. Regardless, given that the court relied on the Diocese's admissions that neither Geibel nor GCCHS have any legal status separate from the Diocese in deciding the Federal Financial Assistance issue, it is appropriate to dismiss GCCHS as a party, with prejudice.

B.  Failure to State a Claim under Title IX

The Diocese seeks dismissal of Russo's Title IX discrimination claim on the ground that her complaint does not plead facts: (1) to support her legal conclusion that the Diocese receives Federal Financial Assistance; (2) indicating that Russo notified an appropriate official in a timely manner; (3) showing that the alleged harassment continued after she notified an appropriate official; (4) suggesting that officials were deliberately indifferent to her allegations; or (5) indicating that the alleged improper conduct was motivated by gender. We have decided the first issue in favor of Russo in the companion memorandum. None of the Diocese's remaining objections warrant dismissal of Russo's complaint.

4

Russo has sufficiently alleged that she informed numerous officials at GCCHS, and the Diocese, about her troublesome interactions with a teacher, and that these interactions continued after such notification. Whether a particular official is an appropriate official under the facts of this case is an issue that must be decided on a completed factual record. Likewise, whether the facts rise to the level of deliberate indifference on the part of these officials cannot be decided at the motion to dismiss stage. Finally, Russo has pled facts indicating that her treatment was motivated by her gender. As aptly noted by Russo, Diocesan officials explicitly accused Russo and her parents of attempting to ruin the teacher's career by making allegations of sexual harassment against him.

These are sufficient allegations to state a claim and allow Russo to proceed to discovery. Whether they will prove true, or legally sufficient based on the facts as they are discovered, is a question for another day. The Diocese's motion to dismiss Russo's Title IX discrimination claim for failure to state a claim will be denied.[1]

---

[1] The Diocese also contends that Russo's Title IX retaliation claim should be dismissed. However, the Diocese's argument is entirely derivative of its arguments regarding Russo's Title IX discrimination claim. Therefore, we will deny the Diocese's motion to dismiss Russo's Title IX retaliation claim summarily.

C. <u>Punitive Damages under the Rehabilitation Act</u>

The Diocese has moved to dismiss Russo's prayer for punitive damages under the Rehabilitation Act.[2] Russo has not responded to this objection. Regardless, the Diocese is correct that punitive damages may not be awarded in a suit brought pursuant to the Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Therefore, we will grant the Diocese's motion to dismiss Russo's claim for punitive damages under the Rehabilitation Act.

D. <u>Compensatory Damages under the Breach of Contract Claim</u>

The Diocese has moved to dismiss Russo's claim for compensatory damages on the ground that damages for emotional harms are not cognizable under Pennsylvania law for a breach of contract claim. Russo contends that her claim is proper because her emotional distress was suffered in connection with a bodily injury. Although the court expresses its serious doubt that this is the type of case in which such damages may be awarded in a breach of contract case, we cannot rule at this stage in the litigation that Russo's claims are improperly pled. The availability of these damages is an issue to be resolved after the close of discovery.

---

[2] The Diocese also moved to dismiss Russo's Rehabilitation Act claim on the ground that it does not receive Federal Financial Assistance. Again, the court has today decided that issue in favor of Russo. The Diocese's motion to dismiss on that basis is accordingly denied.

E. Gist of the Action Doctrine as Applied to
Infliction of Emotional Distress Claims

Finally, the Diocese seeks dismissal of Russo's negligent and intentional infliction of emotional distress claims on the ground that they are foreclosed by the gist of the action doctrine. According to the Diocese, Russo's allegations of wrongdoing are governed by the Student Handbook, and are properly brought as a breach of contract claim. The Diocese further contends that it owed no common law duties to Russo, which would allow her to bring separate claims for emotional distress against it. Russo argues that the Diocese did have common law duties to her, because she was a minor student. We find that Russo has alleged sufficient facts to proceed to discovery on these emotional distress claims. Again, following discovery, this issue may be ripe for resolution.

IV. CONCLUSION

For the foregoing reasons, the Diocese's motion to dismiss will be granted, in part and denied, in part. We grant the Diocese's motion to dismiss GCCHS as a defendant and its motion to dismiss Russo's prayer for punitive damages under the Rehabilitation Act.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAITLIN RUSSO, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 09-1169
 )
DIOCESE OF GREENSBURG and, )
  GREENSBURG CENTRAL CATHOLIC )
  HIGH SCHOOL, )
    Defendants. )

## ORDER

AND NOW, this 15th day of September, 2010, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 8] is GRANTED, in part, and DENIED, in part;

The court will GRANT the Diocese's motion to dismiss Greensburg Central Catholic High School as a defendant because it has no legal status apart from the Diocese;

The court will GRANT the Diocese's motion to dismiss Russo's prayer for punitive damages under the Rehabilitation Act;

In all other respects, the motion is DENIED, without prejudice to defendant's right to raise the issues again (other than the Federal Financial Assistance issue) after the close of discovery.

BY THE COURT:

s/Gary L. Lancaster
Hon. Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record